## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

M.W.T. AUTO SALES LLC,

    Plaintiff,

v.                                             Case No: 8:24-cv-1071-CEH-CPT

MID-ATLANTIC FINANCE CO., INC.,

    Defendants.

_____

## ORDER

This matter comes before the Court on Defendant Mid-Atlantic Finance Co., Inc.'s ("Mid-Atlantic") Motion for Involuntary Dismissal (Doc. 36). Mid-Atlantic seeks to dismiss this action because Plaintiff M.W.T. Auto Sales LLC failed to obtain new counsel after its former counsel withdrew. Plaintiff has not filed a response in opposition to the motion, and new counsel has not appeared on its behalf.

Upon review, and being duly advised in the premises, the Court will grant the motion and dismiss this action without prejudice.

## BACKGROUND

Plaintiff, through counsel, filed this breach of contract action on May 3, 2024. Doc. 1. Defendant Car Financial Services, Inc., answered the Complaint (Doc. 18), while Mid-Atlantic moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. 21. Although Plaintiff's counsel filed a response in opposition to the first motion to dismiss (Doc. 25), both of Plaintiff's attorneys

subsequently moved to withdraw due to irreconcilable differences. Docs. 31, 32. The Court granted the motions to withdraw, and directed Plaintiff to advise the Court as to whether it had retained a new lawyer no later than September 13, 2024. Doc. 33. The Court cautioned Plaintiff that limited liability companies cannot proceed *pro se*. *Id.* at 2.

Plaintiff filed a *pro se* motion to extend the deadline to obtain new counsel to October 28, 2024. Doc. 34. The Court granted the motion. Doc. 35. To date, however, Plaintiff has neither advised the Court that it has retained new counsel, nor requested an additional extension to do so.

Mid-Atlantic now moves to dismiss this action under Federal Rule of Civil Procedure 41(b), citing Plaintiff's failure to comply with the Court's Order to obtain new counsel. Doc. 36. Mid-Atlantic explains that Plaintiff informed it that it had not retained new counsel, but that Plaintiff opposes the motion to dismiss. *Id.* at Doc. 36. Plaintiff has not filed a response in opposition to the motion, and its time to do so has now expired.

## DISCUSSION

A corporate entity, including a limited liability company, is not permitted to appear without counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel"); Local Rule 2.02(b)(2), M.D. Fla. ("A party, other than a natural person, can appear through the lawyer only."); *see also In re Rodriguez*, 633 F. App'x 524, 526 (11th Cir. 2015) ("A

2

corporation cannot appear pro se in litigation and must be represented by counsel because it is an artificial entity only able to act through its agents."); *Energy Lighting Mgmt., LLC v. Kinder*, 363 F.Supp.2d 1331, 1332 (M.D. Fla. 2005) (noting that limited liability companies, like corporations, may appear and be heard only through counsel).

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action in which the plaintiff has failed to prosecute or obey a court order. Fed. R. Civ. P. 41(b); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (Rule 41(b) dismissal with prejudice was not an abuse of discretion).

As a result, courts in this District have determined that an action is due to be dismissed without prejudice when a corporate plaintiff fails to obtain new counsel after being notified to do so. *See, e.g.*, *Ever Better Eating, Inc. v. Jama's Express LLC*, No. 8:21-cv-1798-CEH-CPT, 2023 WL 5956986 (Sept. 13, 2023) (Honeywell, J.); *Tides Commodity Trading Group, Inc. v. West*, 8:16-cv-2914-EAK-MAP, 2017 WL 7343280, *2 (Dec. 12, 2017) (Kovachevich, J.); *Medassist-OP, Inc. v. Sec'y, U.S. Dep't of Health and Human Servcs.*, 8:07-cv-2096-JDW-EAJ, 2008 WL 4279394, *1 (Sept. 16, 2008) (Whittemore, J.).

Here, because Plaintiff is a limited liability company, it is required to have counsel to prosecute this action.  Plaintiff has already been afforded an opportunity to obtain new counsel and has not done so. *See* Docs. 33, 35.  Plaintiff also has not moved for an extension of time nor responded to the motion to dismiss.  Defendant's motion to dismiss is therefore due to be granted.

3

Accordingly, it is **ORDERED**:

1. Defendant Mid-Atlantic Finance Co., Inc.'s Motion for Involuntary Dismissal (Doc. 36) is **GRANTED**.

2. This action is dismissed, without prejudice.

3. The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on December 2, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties