UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

M.W.T. AUTO SALES d/b/a
29TH STREET MOTORS,

    Plaintiff,

v.                                              Case No. 8:24-cv-1071-CEH-CPT

MID-ATLANTIC FINANCE CO.,
INC. and CAR FINANCIAL
SERVICES, INC.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before me on referral is Defendant Mid-Atlantic Finance Co., Inc.'s (Mid-Atlantic) *Renewed Motion to Determine Entitlement to Attorneys' Fees and Costs*. (Doc. 44). For the reasons discussed below, I respectfully recommend that Mid-Atlantic's motion be granted.

I.

Plaintiff M.W.T. Auto Sales (M.W.T. Auto) initiated this diversity action in 2024 by filing a complaint against Mid-Atlantic and Defendant Car Financial Services, Inc. (Car Financial). (Doc. 1). M.W.T. Auto is an automotive dealer situated in

Oklahoma City, Oklahoma, while Mid-Atlantic and Car Financial are subprime lenders located in Pinellas County, Florida and Seminole County, Florida, respectively. *Id.* at 2–3.

In its complaint, M.W.T. Auto avers that it entered into two agreements with Mid-Atlantic in 2023, in which Mid-Atlantic promised to purchase a specified number of automobile receivable contracts from M.W.T. Auto. *Id.* at 3–6. M.W.T. Auto further avers that to facilitate these contracts, Mid-Atlantic entered into separate "limited release" agreements with Car Financial, which provided Car Financial with a security interest in the automobile receivable accounts. *Id.* at 4–5. M.W.T. Auto also alleges, among other things, that upon the receipt of a certain monetary sum, Car Financial was required to release its security interest in the automobile receivable accounts and, within a designated time frame, to deliver to Mid-Atlantic all paper titles with perfected liens for the vehicles covered by the M.W.T. Auto/Mid-Atlantic contracts. *Id.* at 4–6.

According to M.W.T. Auto, Car Financial received the stipulated amounts but did not furnish Mid-Atlantic with the proper paperwork. *Id.* at 4, 6. Nor, according to M.W.T. Auto, did Mid-Atlantic pay the money it owed to M.W.T. Auto under the terms of their contracts. *Id.* at 4–5, 6.

Based on these and other allegations in its complaint, M.W.T. Auto asserts two counts against Mid-Atlantic for breach of contract, two counts against Car Financial for tortious interference with a business relationship, and two counts against Car

Financial for breach of a third-party beneficiary contract. *Id*. at 7–14. For relief, M.W.T. Auto seeks, *inter alia*, actual and consequential damages, as well as attorneys' fees and costs. *Id*.

Car Financial answered M.W.T. Auto's complaint (Doc. 18), but Mid-Atlantic moved to dismiss it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 21). After M.W.T. Auto responded in opposition to Mid-Atlantic's dismissal motion (Doc. 25), its lawyers sought permission from the Court to withdraw from the action due to irreconcilable differences with M.W.T. Auto. (Docs. 31, 32). The Court granted that request and directed M.W.T. Auto to notify the Court within a certain time frame as to whether it had retained a new attorney. (Doc. 33). The Court cautioned M.W.T. Auto in this respect that because M.W.T. Auto was a limited liability company, it could not proceed without a lawyer and that a clerk's default could be entered against it if it did not obtain successor counsel. *Id*. at 2. M.W.T. Auto did not comply with the Court's Order.

As a result of this failure by M.W.T. Auto, Mid-Atlantic moved for an involuntary dismissal of the lawsuit pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 36). The Court granted that motion and dismissed the action, citing M.W.T. Auto's failure to secure an attorney necessary to prosecute the case. (Doc. 39 at 3).

Mid-Atlantic then filed a motion to determine its entitlement to attorneys' fees and costs.[1] (Doc. 41). The Court denied that request as insufficiently supported but afforded Mid-Atlantic an opportunity to file a properly substantiated submission. (Doc. 42).

The instant motion by Mid-Atlantic followed. (Doc. 44). M.W.T. Auto has not responded to that filing, and the period for doing so has elapsed. The matter is thus ripe for the Court's consideration.

II.

A.

Before addressing the merits of Mid-Atlantic's motion, I must first decide what law governs this diversity action. Where a court's "jurisdiction is premised upon the parties' diversity of citizenship, the [c]ourt presumptively applies the substantive law of the forum state," which, in this case, is Florida. *Am. Gen. Life Insurance Co. v. O.H.M.*, 2021 WL 6690228 at *5 (M.D. Fla. Dec. 8, 2021) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Auto-Owners Ins. Co. v. Ralph Gage Contracting Inc.*, 685 F. App'x 820, 821 (11th Cir. 2017) (per curiam)[2]). This approach also applies to a

---

[1] Local Rule 7.01 establishes a bifurcated process for a party seeking a post-judgment award of attorneys' fees and related non-taxable expenses. *See* M.D. Fla. R. 7.01(a). Under this provision, a party must first move the Court for a determination of the party's entitlement to such reimbursement. *See* M.D. Fla. R. 7.01(b). If the Court grants that motion, the fee applicant must—within forty-five days of the Court's order—submit a "supplemental motion on amount" that adheres to various requirements. *See* M.D. Fla. R. 7.01(c).

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

forum state's choice-of-law rules. *See MONY Life Ins. Co. v. Perez*, 146 F.4th 1018, 1026 (11th Cir. 2025) ("'[A] federal court sitting in diversity borrows the forum [s]tate's choice-of-law rule.'") (quoting *Cassirer v. Thyssen-Bornemisza Collection Found.*, 596 U.S. 107, 115 (2022)).

Both of M.W.T. Auto's agreements with Mid-Atlantic contain a clause specifying that the agreements are to be construed in accordance with Florida law. (Docs. 1-2 at 6, 1-4 at 6). Courts in Florida generally "enforce[ such] choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000) (citation omitted). I do not discern any such public policy concerns here[3] and therefore find Florida law to be controlling.

### B.

With this threshold issue resolved, I turn to the question of Mid-Atlantic's entitlement to fees. Firmly established in our legal system is the "American Rule" that each party ordinarily bears its "own litigation expenses, including attorney[s'] fees, regardless [of] whether [it] wins or loses." *Fox v. Vice*, 563 U.S. 826, 832 (2011). An exception to this rule exists, however, where fee shifting is authorized by a contract between the parties. *See Hall v. Cole*, 412 U.S. 1, 4 (1973).

---

[3] In fact, as the Florida Supreme Court pointed out in *Mazzoni Farms, Inc.*, "[c]hoice-of-law provisions are authorized by statute" in Florida. 761 So. 2d at 311 n.6 (citation omitted).

The M.W.T. Auto/Mid-Atlantic contracts include language stipulating that the "prevailing party" in any litigation shall be awarded reasonable attorneys' fees and costs. (Docs. 1-2 at 6, 1-4 at 6). Florida courts typically honor such provisos because they "'protect and indemnify' the interests of the parties." *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158–59 (Fla. 2005) (quoting *Blount Bros. Realty Co. v. Eilenberger*, 124 So. 41, 41 (Fla. 1929)). In light of this case authority, I will abide by the parties' fee-shifting language here as well.

To be deemed a prevailing party in Florida, a party must succeed on the "significant issues" in a lawsuit. *See Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 809–10 (Fla. 1992) ("We agree that the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees."). While "[i]t is not necessary for there to be an adjudication on the merits" to ascertain whether the party seeking fees indeed prevailed, *Valcarcel v. Chase Bank USA, N.A.*, 54 So. 3d 989, 990 (Fla. Dist. Ct. App. 2010) (citation omitted), there must at least be some conclusion to the litigation on the merits, *U.S. Bank Nat'l Assoc. as Trustee of J.P. Morgan Alternative Loan Trust 2006-S4, Mortgage Pass-Through Certificates v. Rivabem*, 2025 WL 2307962, at *2 (S.D. Fla. July 15, 2025) (quoting *Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990)), *report and recommendation adopted*, 2025 WL 2306204 (S.D. Fla. Aug. 11, 2025). In the end, "[t]he Florida Supreme Court has emphasized a flexible approach that gives the trial courts broad discretion in

6

determining which party is the prevailing party[.]" *Skylink Jets, Inc. v. Klukan*, 308 So. 3d 1048, 1053–54 (Fla. Dist. Ct. App. 2020).

Of import here, courts in Florida have long held that an involuntary dismissal of a case can bestow prevailing party status on a defendant where the plaintiff fails to prosecute the action. *See Healthcare Res. Mgm't Group, LLC v. EcoNatura All Healthy World, LLC*, 2021 WL 8825379, at *3 (S.D. Fla. Mar. 2, 2021) ("Florida courts routinely deem defendants prevailing parties in actions dismissed without prejudice as a sanction for [a] . . . failure to prosecute.") (citing, *inter alia, Baratta v. Valley Oak Homeowners Ass'n at the Vineyards, Inc.*, 891 So. 2d 1063, 1065 (Fla. Dist. Ct. App. 2004)). In *Baratta*, for example, the court affirmed an award of attorneys' fees to the defendant after the defendant successfully moved to dismiss the suit based on the plaintiff's failure to prosecute even though the plaintiff secured a temporary injunction at the beginning of the litigation. 891 So. 2d at 1065. The court reasoned:

> Although [the plaintiff] won the battle at the temporary injunction hearing, he lost the war when his case was involuntarily dismissed after a year of no record activity and his temporary injunction was dissolved. After his initial victory at the temporary injunction hearing, [the plaintiff] should have filed a motion for default judgment when [the defendant] failed to file an answer. Because [the plaintiff] instead opted to do nothing, [the defendant] was able to file its motion to dismiss for lack of prosecution.

*Id*. at 1065 n.2.

7

Against this backdrop, I find that Mid-Atlantic is the prevailing party for purposes of its fee motion. As discussed above, the Court's involuntary dismissal Order was predicated on M.W.T. Auto's failure to retain a lawyer "required . . . to prosecute th[e] action." (Doc. 39 at 3). Moreover, it was preceded by the Court's explicit warning to M.W.T. Auto that it could be defaulted if it did not hire an attorney. (Doc. 33 at 2). Courts have found defendants to be prevailing parties deserving of fee awards under similar circumstances. *See, e.g., ECOM Prods. Grp. Corp. v. Cox*, 2022 WL 4367157, at *1–2 (M.D. Fla. Sept. 21, 2022) (ruling that the defendant was entitled to recover attorneys' fees as the prevailing party in his contract dispute with the corporate plaintiff, where the corporate plaintiff "failed to obtain new counsel as ordered" and did not prosecute its claims); *Hi-Tec Assocs., Inc. v. Dailey*, 2011 WL 3169228, at *1, 3 (M.D. Fla. July 27, 2011) (concluding that the defendant was the prevailing party where the corporate plaintiff did not comply with the court's order to retain counsel, and the court thereafter dismissed the plaintiff's lawsuit for a failure to prosecute); *Healthcare Res. Mgm't Group, LLC*, 2021 WL 8825379, at *3 ("[The p]laintiff fails to recognize . . . [that] Florida law . . . permit[s] recognition of a prevailing party in actions dismissed . . . for violation of court orders, including an order to retain and appear through counsel by a date certain, *or* for want of prosecution.") (emphasis added). The fact that the Court's involuntary dismissal was without prejudice does not alter my conclusion. *See Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801 (11th Cir. 2014) (per curiam) ("[T]he

[d]efendant is the prevailing party under Florida law, as the district court dismissed [the p]laintiff's action against [the d]efendant, despite the fact that the dismissal was without prejudice.") (collecting cases); *McLevain v. Brand Servs., LLC*, 2019 WL 13270774, at *1 (M.D. Fla. Feb. 15, 2019) (stating that even though the court's dismissal of the plaintiff's case for failure to prosecute was without prejudice, the "[d]efendant [wa]s still the prevailing party") (citations omitted); *see also Worth Grp., Inc. v. Morales*, 2024 WL 5264047, at *3 (S.D. Fla. Feb. 28, 2024) ("[U]nder Florida law[,] a defendant who obtains a dismissal without prejudice may 'prevail' for purposes of a fee-shifting statute, even though the plaintiff remains free to re-file the same case at a later time.") (citations omitted); *Healthcare Res. Mgm't Group, LLC*, 2021 WL 8825379, at *3 (same).

### III.

Based upon the foregoing, I respectfully recommend that the Court grant Mid-Atlantic's *Renewed Motion to Determine Entitlement to Attorneys' Fees and Costs*. (Doc. 44).

Respectfully submitted this 14th day of November 2025.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

9

## **NOTICE**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Charlene E. Honeywell, United States District Judge
Counsel of record
Plaintiff M.W.T. Auto